IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOEL GARCIA CATALAN, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:16-CV-3116-L-BT |
| | § | |
| LORIE DAVIS, Director, Texas | § | |
| Dept. Of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions, and Recommendation of the Magistrate Judge are as follows:

I.

Petitioner filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the Court recommends that the petition be dismissed.

Petitioner challenges his conviction for murder. *State of Texas v. Joel Garcia Catalan*, F-0862859-X (6th Jud. Dist. Ct., Dallas County, Tex., Oct. 9, 2009). Petitioner was sentenced to thirty years confinement. He did not file an appeal.

On December 4, 2015, Petitioner filed a state habeas petition. *Ex parte Catalan*, No. 85,042-01. On August 24, 2016, the Texas Court of Criminal Appeals denied the petition on the findings of the trial court without a hearing.

On November 2, 2016, Petitioner filed the instant § 2254. He argues:

1. His guilty plea was involuntary due to ineffective assistance of counsel;

2. He received ineffective assistance of counsel when:

   (a) Counsel failed to conduct an adequate investigation;

   (b) Counsel failed to interview potential witnesses and failed to consult with defense experts; and

   (c) Counsel provided erroneous advice.

II.

## A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

Petitioner pleaded guilty on October 9, 2009. He did not file an appeal. His conviction therefore became final thirty days later on November 9, 2009. *See* Tex. R. App. P. 26.2; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues).[2] Petitioner then had one year, or until November 9, 2010, to file his federal petition.

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

[2] Respondent argues the conviction became final on the date Petitioner pleaded guilty because Petitioner waived his right to appeal. The Fifth Circuit has not decided this issue, and the Fifth Circuit declined to reach the issue in *Rodriguez v. Thaler*, 664 F.3d 952, 953 (5th Cir. 2011). This Court finds the conviction became final after expiration of the statutory appeal time.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner filed a state habeas petition on December 4, 2015. This petition was filed after the AEDPA limitations period expired. It therefore did not toll the limitations period.

Petitioner's deadline for filing his § 2254 petition was November 9, 2010. He did not file his petition until November 2, 2016. His petition is therefore untimely under § 2244(d)(1)(A).

Petitioner argues his petition is timely under § 2244(d)(1)(D), which states that the limitations period begins to run from the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. Petitioner states he has two new affidavits showing that the victim threatened him, which supports his claim of self-defense. The affidavits, however, do not establish new evidence. One affidavit is written by Petitioner. Petitioner states the victim was upset his daughter and Petitioner were married, and that the victim threatened Petitioner's life. (ECF No. 15-1 at 45-46.) The second affidavit, which Petitioner states he translated from Spanish, appears to be the affidavit of Petitioner's parents. The affidavit generally recites the same facts that the victim did not want his daughter and Petitioner to be married, that the victim harassed Petitioner, and that Petitioner filed a police report against

the victim. (*Id.* at 47-53.) These facts, however, were known to Petitioner at the time he pleaded guilty. They do not establish a new factual predicate for his claim of self-defense. Petitioner has failed to show his petition is timely under § 2244(d)(1)(D).

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has not alleged that he was misled about his habeas remedies or prevented in some extraordinary way from filing his petition.

He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

III.

The Court recommends that the petition for writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed February 20, 2018.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).